

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-13-170

| | |
|---|---|
| | **Opinion Delivered** August 28, 2013 |
| JEANINE COLEMAN<br>APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. JV-12-48] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br>APPELLEES | HONORABLE CINDY THYER, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

The Craighead County Circuit Court terminated the parental rights of appellant Jeanine Coleman to her sons, N.J., born July 30, 2009, and S.C., born June 25, 2007.[1] Coleman's counsel has filed a motion to withdraw and a no-merit brief, pursuant to *Linker-Flores v. Arkansas Department of Human Services*,[2] and Arkansas Supreme Court Rule 6-9(i),[3] contending that there are no meritorious grounds to support an appeal. The clerk of our court mailed a certified copy of counsel's motion and brief to appellant, informing her of her

---

[1]The court also terminated the parental rights of the children's putative fathers; however, they are not parties to this appeal.

[2]359 Ark. 131, 194 S.W.3d 739 (2004).

[3](2012).

right to file pro se points for reversal. Appellant has elected to file pro se points for reversal. We affirm the termination order and grant counsel's motion to withdraw.

The Arkansas Department of Human Services (DHS) petitioned the court for emergency custody of N.J. and S.C. on February 14, 2012, after appellant was arrested for leaving the two children in the apartment unattended. The court granted an ex parte order for emergency custody that same day. A probable cause order was entered on February 22, 2012, in which the court found that the children should remain in the custody of DHS. The children were adjudicated dependent-neglected due to inadequate supervision, neglect, parental unfitness, environmental neglect, and physical abuse in an order filed on April 18, 2012. The adjudication order established a goal of reunification and ordered appellant to do a number of things in order to reach the goal. In the review order filed on August 3, 2012, the court found that appellant had not complied with the case plan or court orders;[4] however, the court noted that the case plan was moving toward an appropriate permanency plan and continued the goal of reunification.[5] DHS subsequently filed a motion to terminate reunification services. The court filed an order granting DHS's motion on August 30, 2012. The order stated that there was little likelihood that services to the family would result in

---

[4]She failed to (1) maintain contact with DHS; (2) visit regularly with the children (last visit was on April 16, 2012); (3) submit to drug-and-alcohol assessment, and missed four scheduled appointments; (4) submit to a psychological evaluation; (5) remain drug free (tested positive for THC on March 26, 2012, and tested positive for THC and cocaine on April 12 and 16); (6) obtain and maintain stable, suitable housing.

[5]Appellant was not present at that hearing, but her counsel was.

successful reunification, and it specifically noted appellant's failure to take advantage of the services offered to her by DHS.

DHS filed a petition for the termination of appellant's parental rights on August 31, 2012. The petition listed three possible grounds for termination: (1) that appellant had abandoned the children;[6] (2) that subsequent to the filing of the original petition for dependency-neglect, other factors or issues arose which demonstrate that return of the children to the family home is contrary to their health, safety, or welfare and that, despite the offer of appropriate family services, appellant had manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the circumstances which prevent return of the children to the family home;[7] and (3) that appellant had been found by a court of competent jurisdiction to have subjected the children to aggravated circumstances.[8]

The termination hearing took place on November 2, 2012.[9] At the conclusion of the hearing, the court granted DHS's petition. The order terminating appellant's parental rights was entered on December 11, 2012. It stated in pertinent part:

> a) That termination of parental rights is in the best interest of [S.C.] and [N.J.], taking into consideration the likelihood that [S.C.] and [N.J.] will be adopted if the termination petition is granted and that there is the potential harm to the health and safety of the juvenile[s] caused by returning [them] to the custody of the parent[.]
>
> b) The parent, Jeanine Coleman, has abandoned the juveniles, [S.C.] and [N.J.][.]

---

[6] Ark. Code Ann. § 9–27–341(b)(3)(B)(iv) (Supp. 2011).

[7] Ark. Code Ann. § 9–27–341(b)(3)(B)(vii)(*a*).

[8] Ark. Code Ann. § 9–27–341(b)(3)(B)(ix)(*a*)(*3*).

[9] Appellant was not present at the termination hearing.

3

This case began with . . . the removal of the juveniles' [sic] from the mother on February 10, 2012. Since that time the mother has not maintained regular contact with the Department. She has also not visited regularly with the juveniles, and has not seen them at all since April 16, 2012.

. . . .

e) That, subsequent to the filing of the original petition for dependency-neglect, other factors or issues arose which demonstrate that return of the juveniles to the custody of the parent is contrary to the juvenile's [sic] health, safety or welfare and that despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances which prevent return of the juvenile to the custody of the parent[.]

This case began with a removal of the juveniles' [sic] from the custody of the mother on February 10, 2012. Since that time the mother has not maintained regular contact with the Department. She has also not visited regularly with the juveniles, and has not seen them at all since April 16, 2012.

The mother has not submitted to the court-ordered Drug & Alcohol assessment, and has missed four separate appointments for said assessment. The mother also has not submitted to the court-ordered psychological evaluation, and this despite the Department making arrangements to transport the mother to the evaluation. The mother has not remained drug free by failing random drug screens on March 26, 2012, April 12, 2012, and April 16, 2012. She was positive for THC on all three screens and positive for cocaine on the last two screens. The mother has not watched The Clock is Ticking video presentation and she has not completed parenting classes.

f) The parent, Jeanine Coleman, is found by a court of competent jurisdiction, including the juvenile division of circuit court, to have subjected the juveniles to aggravated circumstances[.]

First, the Court ruled on August 30, 2012, that the mother has abandoned the juveniles. This case began with . . . the removal of the juveniles' [sic] from the mother on February 10, 2012. Since that time the mother has not maintained regular contact with the Department. She has also not visited regularly with the juveniles, and has not seen them at all since April 16, 2012.

Secondly, the Court also ruled on August 30, 2012, that there is little likelihood that services to the family will result in successful reunification, specifically the mother, Jeanine Coleman, has demonstrated little or no interest or ability to comply with the orders of the court and the case plan. This case began with a removal of the juveniles'

[sic] from the custody of the mother on February 10, 2012. Since that time the mother has not maintained regular contact with the Department. She has also not visited regularly with the juveniles, and has not seen them at all since April 16, 2012[.]

This timely appeal followed.

Counsel contends that this appeal is without merit. Appellant filed a letter setting forth pro se points for reversal. In the letter, appellant attempts to address "many concerns about what was stated in the file." She also questions why termination was sought in her case before the end of twelve months, and asks this court for a second chance. We have reviewed appellant's pro se points, and none of them merit reversal. After carefully examining the record and the brief presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases, and we conclude that the appeal is wholly without merit. Accordingly, we affirm the order terminating appellant's parental rights and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLOVER and WOOD, JJ., agree.

*Deborah R. Sallings*, Arkansas Public Defender Commission, for appellant.

No response.